**RETAIL STORE EMPLOYEES UNION, LOCAL 428, RETAIL CLERKS INTERNATIONAL, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 74–2723.

United States Court of Appeals, Ninth Circuit.

Dec. 2, 1975.

---

Benjamin Dreyfus (argued), Garry, Dreyfus, McTernan, Brotsky, Herndon & Pesonen, Inc., San Francisco, Cal., Herbert S. Matthews (argued), San Jose, Cal., for petitioner.

Corrina Metcalf (argued), N.L.R.B., Washington, D. C., for respondent.

## OPINION

Before HUFSTEDLER and GOODWIN, Circuit Judges, and WHELAN,* District Judge.

PER CURIAM:

The National Labor Relations Board denied the union's claim that management was guilty of an unfair labor practice in refusing to bargain with Local 428, Retail Store Employees, and the union has petitioned for review. The Board decision, 211 N.L.R.B. No. 85, is reported at 86 L.R.R.M. 1441 (1974). We affirm.

* The Honorable Francis C. Whelan, United States District Judge for the Central District of California, sitting by designation.

Management's refusal to bargain without a Board-conducted election to establish the union's majority status occurred when a small independent union with which a county association of druggists formerly had bargained merged with Local 428, an affiliate of Retail Clerks International Association, AFL–CIO. The management association took the position that the merger so altered the character of the union that the association's 40 independent drug-store owners ceased to be bound by the association's prior recognition of the independent union when its current contract expired. The union took the position that little more than a change of name had occurred, and that another election would be a useless gesture. (A clear majority of the affected employees had favored the merger.)

After hearings, an administrative law judge found a continuity of representation, and declared that management was guilty of an unlawful refusal to bargain. On review, the Board voted 3 to 2 to reverse the administrative law judge.

■ If there is continuity of representation, there is no requirement for a Board election. *See N.L.R.B. v. Commercial Letter, Inc.*, 496 F.2d 35 (8th Cir. 1974); *see also American Bridge Div., United States Steel Corp. v. N.L.R.B.*, 457 F.2d 660, 663 (3d Cir. 1972). On the other hand, if there is no continuity of representation, management need not bargain with the new union until it has established its rights by an election.

Employees have a right "to bargain collectively through representatives of their own choosing * * *." 29 U.S.C. § 157. "Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment * * *." 29 U.S.C. § 159(a). It is an unfair labor practice for an employer to refuse to recognize or deal with a proper representative. 29 U.S.C. § 158(a)(5).

■ When an independent union merges into a local of an international union, the local, under certain circumstances, can become a representative for the former members of the now-defunct independent. *Hamilton Tool Co.*, 190 N.L.R.B. 571, 77 L.R.R.M. 1257 (1971). However, a finding of continuity of representation is not automatic.

■ The question whether one union has succeeded to the bargaining rights of another can arise in a variety of settings. Whether the question is raised in representation proceedings or by a motion to amend a certification, the factors employed by the Board to resolve the issue remain the same. *Newspapers, Inc.*, 210 N.L.R.B. No. 9, 86 L.R.R.M. 1123, 1125 n. 4 (1974), *enforced*, 515 F.2d 334 (5 Cir. 1975). The continuity-of-representation issue depends on a factual determination which the Board makes initially and the court is bound to follow so long as it is supported by substantial evidence on the record as a whole. *N.L.R.B. v. Commercial Letter, Inc., supra.*

■ The question here is not one of witness credibility about disputed basic facts. Here the inquiry focusses on the inferences to be drawn. The administrative law judge's finding of continuity is not entitled to special weight when compared to the Board's contrary finding. *N.L.R.B. v. Miller Redwood Co.*, 407 F.2d 1366, 1369 (9th Cir. 1969).

In finding a lack of continuity, the Board relied on *Gulf Oil Corp.*, 135 N.L.R.B. 184, 49 L.R.R.M. 1465 (1962), and *American Bridge Div., United States Steel Corp. v. N.L.R.B., supra.* We agree with the union that the precedential value of *Gulf Oil* is not impressive because the Board's opinion does not give a factual analysis. Subsequent board decisions have found continuity in the merger of two locals under the particular facts of those mergers. *See, e.*

g., *N.L.R.B. v. Commercial Letter, Inc.,* *supra.* *American Bridge*, however, is stronger authority for the Board. In that case as here, an independent union had merged into a local of an international. The Board found a lack of continuity because the international's constitution imposed conditions which substantially limited the autonomy the members had enjoyed when independent.

■ While there can be continuity of representation when an independent merges into a local of an international, explicit guarantees of unit autonomy and retention of the same officers are important. *See Emery Industries, Inc.*, 148 N.L.R.B. 51, 56 L.R.R.M. 1449 (1964); *North Electric Co.*, 165 N.L.R.B. 942, 65 L.R.R.M. 1379 (1967); *Equipment Mfg., Inc.*, 174 N.L.R.B. 419, 70 L.R.R.M. 1248 (1969); *Hamilton Tool Co., supra.* Similarly, decisions finding continuity in mergers between two locals of the same international emphasize the maintenance of unit authority and the continuation of established procedures. *United States Gypsum Co.*, 164 N.L.R.B. 931, 65 L.R.R.M. 1207 (1967); *Kentucky Power Co.*, 213 N.L.R.B. No. 105, 87 L.R.R.M. 1243 (1974); *F. W. Woolworth Co.*, 194 N.L.R.B. 205, 79 L.R.R.M. 1255 (1972). *See also Newspapers, Inc.*, 210 N.L.R.B. No. 9, *supra.* The Board's determination is consistent with its own line of decisions.

■ In the present merger, the officers did not remain the same. While the old local officers did participate in communications with management in seeking negotiations, none participated in the actual negotiations. This leadership change suggests an absence of continuity where it counts, in a bargaining relation; and the record contains no evidence of unit autonomy to counter that inference. The union has simply not met its burden of showing that the Board lacked substantial evidence for its conclusion.

Our disposition of the continuity question renders unnecessary scrutiny of management's challenge of the notice and voting procedures underlying the merger.

The Board is affirmed.