**WEST POINT–PEPPERELL, INC.,**
**Plaintiff-Appellant,**

v.

**TEXTILE WORKERS UNION OF AMERICA, AFL–CIO, CLC, Amalgamated Clothing Workers of America, and Amalgamated Clothing and Textile Workers Union, AFL–CIO, Defendants-Appellees.**

No. 76–4517
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Lovic A. Brooks, Jr., Charles A. Edwards, Atlanta, Ga., for plaintiff-appellant.

J. R. Goldthwaite, Jr., Atlanta, Ga., Arthur M. Goldberg, Gen. Counsel, Amalgamated Clothing & Textile Workers Union, New York City, George Kaufmann, Washington, D. C., for defendants-appellees.

Before COLEMAN, TJOFLAT and FAY, Circuit Judges.

PER CURIAM.

The plaintiff, West Point-Pepperell, Inc., appeals from the district court's order dismissing its complaint for lack of jurisdiction. We affirm the district court on the grounds set out in its order filed on November 22, 1976, and appended to this opinion.

AFFIRMED.

### APPENDIX

### ORDER

This is an action for declaratory and injunctive relief brought by West Point-Pepperell, Inc. (hereinafter referred to as "West Point") pursuant to the provisions of Section 301 of the National Labor Relations Act as amended by the Labor Management Relations Act (hereinafter referred to as "the Act"), 29 U.S.C. §'185, seeking a declaration of its rights and obligations under a collective bargaining contract with the Textile Workers Union of America (hereinafter referred to as "TWUA"). Presently pending is the defendants' motion to dismiss or alternatively to stay.

TWUA was certified by the National Labor Relations Board (hereinafter referred to as "the NLRB") as the exclusive collective bargaining representative of certain employees at plants in Lindale, Georgia and

Biddeford, Maine. West Point entered into successive labor contracts with TWUA at both plants. The latest of these contracts was executed in 1975 and included provisions for dues check-off and collective bargaining on behalf of the plaintiff's employees in the designated units.

On March 18, 1976, TWUA merged with the Amalgamated Clothing Workers of America, effective June 1, 1976, and the Amalgamated Clothing and Textile Workers Union (hereinafter referred to as "ACTWU") became the surviving union. Thereafter, the defendants requested that West Point pay the dues to, and bargain exclusively with ACTWU. The plaintiff refused and brought this suit for a declaratory judgment on July 21, 1976, maintaining that TWUA is the only representative of its employees under the existing contract, not ACTWU. The plaintiff charges that TWUA's efforts to have it recognize ACTWU as the employees' exclusive agent is a breach of the collective bargaining agreement.

On August 25, 1976, the union filed a petition with the NLRB for amendment of certification to reflect the merger and filed a motion to dismiss West Point's declaratory judgment action or alternatively to stay the action pending disposition of the petition for amendment of certification by the NLRB. The plaintiff responded to the defendants' motion contending that neither dismissal nor a stay is warranted.

The defendants maintain that the determination of matters of representation is within the exclusive jurisdiction of the NLRB, 29 U.S.C. § 159, with a review of the board's decision in the United States Courts of Appeal. They argue that the plaintiff's action, ostensibly seeking construction of the contract, is, in reality, an attempt to have the district court determine ACTWU's status, a question outside of its jurisdiction, thus bypassing the NLRB.

West Point claims that the district court has jurisdiction over this dispute under Section 301 of the Act as an action between an employer and union for breach of a collective bargaining contract. The plaintiff specifically alleges that TWUA assigned its rights under the contract to ACTWU in violation of the agreement, or tried to substitute the new union as a party to the contract, and that TWUA's efforts to have the employer make dues payments to and bargain with ACTWU is a further breach of contract. West Point also contends that it is unnecessary to allege violation of the contract to secure a declaratory judgment of its rights under a collective bargaining agreement.

Noting that the petition for amendment of certification was not filed until after this suit was brought, West Point charges the defendants with attempting to cloud the issues. Acknowledging the board's jurisdiction over representation matters, the plaintiff characterizes this action as one concerning contract issues and insists that the district court has concurrent jurisdiction over collateral questions before the NLRB.

Under Section 301 of the Act, 29 U.S.C. § 185, the district court has jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. Jurisdiction under Section 301 has been extended to actions for a declaratory judgment respecting rights and duties in a collective bargaining agreement without requiring allegations of contract violations. *El Paso Building & Construction Trades Council v. El Paso Chapter Associated General Contractors,* 376 F.2d 797 (5th Cir. 1967). It is also established that federal courts may entertain declaratory judgment suits even though a remedy before the NLRB may be available on an unfair labor practice charge. *Heavy Contractors Association v. International Hod Carriers,* 312 F.Supp. 1345 (D.Neb.1969). However, the board's determination of a union's representational status is different from resolution of an unfair labor practice charge. Courts should not decide questions beyond their jurisdiction under the guise of construing contracts under Section 301.

There is no controversy about the plaintiff's duty to either bargain with or pay

withheld dues to TWUA. But West Point denies its obligation to recognize or make payments to ACTWU, characterizing this as a "contract issue." Thus, the pivotal question in this instance is ACTWU's role as the successor union to TWUA.

The National Labor Relations Act vests exclusive authority in the NLRB to pass on issues of representation. See *NLRB v. Cabot Carbon Co.,* 360 U.S. 203, 79 S.Ct. 1015, 3 L.Ed.2d 1175 (1959); *National Association of Women and Children's Apparel Salesmen, Inc.,* 479 F.2d 139 (5th Cir. 1973). Whether or not a merged union should remain as the bargaining agent of a unit of employees depends on a factual determination, whether it is a continuation of the old union under a new name or is a substantially different organization. *NLRB v. Commercial Letter, Inc.,* 496 F.2d 35 (8th Cir. 1974); *NLRB v. Hershey Chocolate Corp.,* 297 F.2d 286 (3rd Cir. 1961); *Carpinteria Lemon Association v. NLRB,* 240 F.2d 554 (9th Cir. 1956), cert. den., 354 U.S. 909, 77 S.Ct. 1295, 1 L.Ed.2d 1427 (1957). This calls for a resolution of the right to represent, a matter within the exclusive domain of the NLRB and not compatible with the purpose of Section 301. *NLRB v. Newspapers, Inc.,* 515 F.2d 334 (5th Cir. 1975). See also *Retail Store Employees Union v. NLRB,* 528 F.2d 1225 (9th Cir. 1975).

In arguing that the district court has concurrent jurisdiction over these questions, the plaintiff relies on cases in which the district courts decided contests concerning successor employers under collective bargaining agreements. However, the determination of the successorship of unions differs significantly from that of employers. Federal labor laws are designed to assure and protect the fair representation of employees in labor disputes, and the selection of the employees' exclusive bargaining agent is a fundamental step in that process. Under Section 159 of the Act, Congress vested the NLRB with the exclusive authority to make the factual finding regarding the representative status of labor organizations. It is clear that wherever there is a change in the representation of a union, the board, and not the courts, is the proper body to reassess the change. *NLRB v. Warrensburg Board & Paper Corporation,* 340 F.2d 920 at 924 (2nd Cir. 1965). See also, *NLRB v. International Union, Progressive Mine Workers of America,* 375 U.S. 396, 84 S.Ct. 453, 11 L.Ed.2d 412 (1964), rev'g, 319 F.2d 428 (7th Cir. 1963). The successor employer is not the bargaining representative of employees and that determination is not within the exclusive jurisdiction of the board. The cases cited by the plaintiff support the conclusion that district courts have concurrent jurisdiction over questions of employer successorship, but not that there is also concurrent jurisdiction over questions of union successorship.

Where the only substantial question raised by the complaint is whether the ACTWU is a party to the contract, the district court does not have jurisdiction to decide which union represents the employees.

Accordingly, the defendants' motion to dismiss is granted.[1]

---

1. On October 22, 1976, an order staying discovery was entered pending resolution of this motion to dismiss. The plaintiff has since filed a motion for reconsideration of the stay order and a supplemental motion and brief alleging that on October 29, 1976, the Regional Director of the NLRB granted the defendant's petition for amendment of certification. The plaintiff argues that it was denied notice and hearing before the Regional Director, and that the NLRB is not competent to decide the issues presented in this action. This order renders the stay and the motion to reconsider moot. The plaintiff's remedy for reversal of the amendment of certification is through appeal to the NLRB and the United States Circuit Court of Appeals. 29 U.S.C. § 159.