HOTEL AND RESTAURANT EMPLOY-
EES AND BARTENDERS UNION,
LOCAL 2, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

and

Lord Jim's, Intervenor.

No. 82–7579.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1983.

Decided June 22, 1984.

Matthew D. Ross, Neyhart, Anderson, Nussbaum, Reilly & Freitas, San Francisco, Cal., for petitioner.

Robert J. Scolnik, San Francisco, Cal., for respondent.

Before: WALLACE, BOOCHEVER, Circuit Judges, and WYZANSKI, Senior District Judge *.

* Honorable Charles E. Wyzanski, Jr., United States Senior District Judge for the District of Massachusetts, sitting by designation.

WYZANSKI, Senior District Judge.

Hotel and Restaurant Employees and Bartenders Union, Local 2 (Local 2) appeals from the order of the National Labor Relations Board (Board) dismissing the Local's complaint that Lord Jim's violated 29 U.S.C. §§ 158(a)(1) and (5) by refusing to bargain in good faith.

■ A preliminary question is whether Local 2 filed with the Board timely exceptions to the Administrative Law Judge's decision so as to give the Board jurisdiction. The undisputed facts are that the General Counsel of the Board took timely exceptions; and that within the allotted time Local 2 adopted those exceptions. On those facts the Board decided that it had jurisdiction of Local 2's request for review. We hold that the Board did not err in so deciding. The Board's decision as to whether adverse parties and the Board itself were given timely notice is one which was obviously reasonable. We unhesitatingly defer to it.

The principal question presented is whether the Board erred in finding that there was no "continuity-of-representation" between six constituent locals and Local 2 into which they had merged, and hence that the original duty owing from Lord Jim's to bargain with the six constituent unions did not become a duty owing from Lord Jim's to bargain with Local 2.

■ There is no dispute as to the legal framework in which the aforesaid question arises. In a situation where an employer is under a 29 U.S.C. § 158(a)(5) duty to bargain with a particular labor organization or organizations (a situation which admittedly was true here), and during the period that this duty exists, the labor organization or organizations are so succeeded by a different organization as to involve continuity-of-representation, then the employer is under a 29 U.S.C. § 158(a)(5) duty to bargain with that different organization. *Retail Store Emp. U., Local 428 v. N.L.R.B.*, 528 F.2d 1225, 1227 (9th Cir.1975); *Carpinteria Lemon Ass'n v. N.L.R.B.*, 240 F.2d 554,

557 (9th Cir.1956), *cert. denied*, 354 U.S. 909, 77 S.Ct. 1295, 1 L.Ed.2d 1427 (1957).

■ Under the aforesaid doctrine, it is usually—as it is here—a question of fact as to whether one union has succeeded to the bargaining rights of another union or unions. "The continuity-of-representation issue depends on a factual determination which the Board makes initially and the court is bound to follow so long as it is supported by substantial evidence...". *Retail Store Emp. U., Local 428 v. N.L. R.B., supra*, 1227.

In the case at bar the critical issue is whether there was indeed substantial evidence for the Board's finding that Local 2 was not the successor of the six locals which had been merged into Local 2. That finding rests on the Board's view that the members of five of the six merged locals had not been given an opportunity to approve the merger.

■ The Board took this view because of "the lack of any evidence to show that anyone other than the members of Bartenders Local 41, which was only one of the unions involved, was given any opportunity to vote on the merger." *Lord Jim's and Hotel & Restaurant Employees and Bartenders Union, Local 2*, 259 N.L.R.B. No. 164, at 1–2, n. 1 (Jan. 22, 1982). Each of the union memberships had voted to engage in merger negotiations, however. *See Kahn v. Hotel and Restaurant Employees' and Bartenders International Union*, 469 F.Supp. 14, 16 (N.D.Cal.1977), *aff'd per curiam*, 597 F.2d 1317 (9th Cir.1979). Although we cannot presume that approval of merger negotiations always includes an implicit approval of the merger itself, the process leading to the merger may reflect adequate membership approval, *see Retail Store Employees Union, Local 428 v. NLRB*, 528 F.2d at 1227, even without a formal vote on the merger itself. For example, the constitutions of the constituent unions might not require any formal approval of a merger once the leadership of the unions obtain some authorization to enter into negotiation, and the interpretation of union constitutions by union offi-

**1154**

cials deserves great deference, *see, e.g.,*
*Vestal v. Hoffa,* 451 F.2d 706, 709 (6th
Cir.1971), *cert. denied,* 406 U.S. 934, 92
S.Ct. 1768, 32 L.Ed.2d 135 (1972). Because
the Board apparently overlooked the exist-
ence of the votes for merger negotiations,
we deem it appropriate to remand the case
to the Board for it to focus on the factual
significance of those approving votes cast
by the members of the constituent unions.
*Cf. Amoco Production Co. v. NLRB,* 613
F.2d 107, 112 (5th Cir.1980) (continuity a
factual inquiry requiring remand).

*Remanded.*