744 F.2d 283
 117 L.R.R.M. (BNA) 2306, 101 Lab.Cas. P 11,177
 LOCAL 807, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA,
Plaintiff-Appellant,
v.
BRINK'S INC., Air Courier Div., Purolator Armored Inc. and
Brink's Inc., Defendants-Appellees.
 No. 1245, Docket 84-7244.
 United States Court of Appeals,
Second Circuit.
 Argued May 4, 1984.
Decided Sept. 5, 1984.
 
 J. Warren Mangan, Long Island City, N.Y. (O'Connor & Mangan, P.C., Long Island City, N.Y., of counsel), for Local 807, Intern. Broth. of Teamsters.
 Jeffrey W. Pagano, New York City (Seligman & Seligman, New York City, of counsel), for Brink's Incorporated (Air Courier Division and Armored Car Division).
 Avrum M. Goldberg, P.C., Washington, D.C. (Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., Daniel L. Nash, Nancy L. Zisk, Washington, D.C., of counsel), for Purolator Armored, Inc.
 Robert M. Baptiste, Washington, D.C. (Wilma B. Liebman, Steven L. Murray, Washington, D.C., of counsel) for amicus curiae The International Brotherhood of Teamsters.
 Before LUMBARD, MANSFIELD and KEARSE, Circuit Judges.
 LUMBARD, Circuit Judge:
 
 
 1
 Plaintiff-appellant Local 807, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Teamsters' Union), brought suit in the Eastern District of New York to obtain an order compelling defendants-appellees Brink's Inc. (Armored Car Division), Brink's Air Courier Division, and Purolator Armored, Inc., to arbitrate their refusal to extend recognition of plaintiff as their employees' representative union beyond the expiration of their current labor contracts. Plaintiff also sought a preliminary injunction compelling defendants to maintain the terms of their collective bargaining agreements with plaintiff beyond the agreements' expiration dates. Judge Costantino concluded that the arbitration clause contained in the current agreements did not obligate defendants to arbitrate disputes arising after expiration of those agreements, and that the court lacked jurisdiction to compel defendants to maintain their collective bargaining agreements in effect beyond the plainly stated expiration dates. As we agree with both conclusions, we affirm the dismissal of plaintiff's suit.
 
 
 2
 From the 1940s until June 1979, Armored Car Chauffeurs and Guards Local Union 820 of the Teamsters' Union was the recognized union representative for armored car guards employed by the three defendants: Brink's Inc. (Armored Car division), Brink's Air Courier Division, and Purolator Armored, Inc. In June 1979, during the term of its three-year collective bargaining agreements with defendants running from 1977-1980, Local 820 was taken over by Local 807 of the Teamsters' Union. Unlike Local 820, Local 807 admits both guards and nonguards into membership. Defendants permitted Local 807 to assume the rights and obligations of Local 820 under the 1977-1980 agreements, and entered into subsequent collective bargaining agreements directly with Local 807, the last ones due to expire on March 19, 1984 (Purolator's), March 18, 1984 (Brink's Armored), and April 8, 1984 (Brink's Air Courier).
 
 
 3
 In early 1984, about two months before the expiration of their respective contracts, Purolator and the two divisions of Brink's independently notified Local 807 that, although they would honor the terms and conditions of the collective bargaining agreements until their expiration dates, they would not recognize Local 807 as the bargaining representative of their guard employees after that date. As the reason for their refusal to continue the bargaining relationship, all three defendants asserted that under the provisions of Sec. 9(b)(3) of the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 159(b)(3), the combined guard and nonguard membership of Local 807 disqualified it from representing guard employees.
 
 
 4
 After notifying Brink's and Purolator of its disagreement with their interpretation of Sec. 9(b)(3), Local 807 filed unfair labor practice charges with the NLRB, alleging that the companies' refusal to recognize and bargain with the union and their failure to maintain the terms of the parties' collective bargaining agreements after the expiration dates were a violation of Secs. 8(a)(1), (3) and (5). Those charges are still pending before the Board.
 
 
 5
 Simultaneously, Local 807 referred the dispute to the Federal Mediation and Conciliation Service (FMCS), for recommendation of a panel to arbitrate whether the collective bargaining agreements were breached when the companies: (1) threatened to withdraw recognition of their employees' chosen bargaining representative; (2) refused to bargain for a successor labor agreement with their employees' chosen representative; and (3) threatened to terminate their obligations under the prevailing labor agreements as of the expiration dates set forth therein. When Brink's and Purolator refused to participate in the selection of an arbitration panel, Local 807 filed suit in the Eastern District pursuant to Sec. 301 of the Labor Management Relations Acts (LMRA), 29 U.S.C. Sec. 185, which gives the district court original jurisdiction over suits brought to enforce collective bargaining agreements. Local 807 sought a preliminary injunction compelling defendants to continue the terms of the collective bargaining agreements in effect beyond the agreements' expiration dates, and an order compelling defendants to arbitrate the three questions listed above pursuant to the arbitration clause included in all three collective bargaining agreements.
 
 
 6
 After a hearing, Judge Costantino denied the motion for a preliminary injunction and dismissed the complaint. As to plaintiff's request for an order compelling arbitration, the court held that, although the companies' refusal to recognize or bargain with Local 807 after expiration of the current collective bargaining agreements might be a violation of the NLRA (the question now pending before the Board), it was not arbitrable under the collective bargaining agreements because withdrawal of recognition would not occur until after the agreements had expired, and hence would neither violate their provisions nor be governed by their arbitration clauses. As to plaintiff's request for a preliminary injunction, the court held that it lacked jurisdiction to compel the defendants to maintain the terms of their collective bargaining agreements after the agreements had expired, as nothing in the agreements provided for such an extension beyond the plainly stated expiration date. Plaintiff appeals from that dismissal.
 
 
 7
 We agree with the district court. The gravamen of plaintiff's complaint is that defendants, upon expiration of their current collective bargaining agreements, withdrew recognition of Local 807 as bargaining representative. Whether that withdrawal constitutes an unfair labor practice depends upon a construction of Sec. 9(b)(3) of the NLRA, 29 U.S.C. Sec. 159(b)(3), which provides that:
 
 
 8
 ... no labor organization shall be certified as the representative of employees in a bargaining unit of guards if such organization admits to membership, or is affiliated directly or indirectly with an organization which admits to membership, employees other than guards.
 
 
 9
 Both issues--how Sec. 9(b)(3) should be construed and whether defendants have committed an unfair labor practice--are now before the NLRB, the proper forum to resolve them.
 
 
 10
 That the issues are before the NLRB does not preclude plaintiff from raising them concurrently in an arbitration proceeding. Smith v. Evening News Ass'n., 371 U.S. 195, 197-98, 83 S.Ct. 267, 268-269, 9 L.Ed.2d 246 (1962). Furthermore, as plaintiff asserts, there is a general policy in favor of resolving labor disputes through arbitration, Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionary Workers Union, 430 U.S. 243, 254-55, 97 S.Ct. 1067, 1073-1074, 51 L.Ed.2d 300 (1977), and the collective bargaining agreements in force between plaintiff and defendants until March and April of this year all contained broad arbitration clauses.
 
 
 11
 However, for the court to compel arbitration of this dispute, the claims must on their face be governed by the terms of the collective bargaining agreements. United Steel Workers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). We conclude that the district court properly found that they are not. Despite plaintiff's attempts to characterize its grievances as pertaining to threats made during the term of the collective bargaining agreements to withdraw recognition upon expiration of the agreements, it is clear that the real grievance is with the withdrawal itself. As nothing in the agreements can be construed to cover Local 807's representative status after expiration of the agreements or to provide for continuation of the agreements after their expiration dates, any grievance pertaining to that withdrawal is outside the scope of the collective bargaining agreements, and hence not arbitrable under the terms of those agreements.
 
 
 12
 The cases on which plaintiff relies--Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionary Workers Union, 430 U.S. at 250-53, 97 S.Ct. at 1071-1073, and Federated Metals Corp. v. United Steelworkers, 648 F.2d 856, 860-62 (3d Cir.), cert. denied, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981)--are not to the contrary. Those cases hold only that the expiration of a collective bargaining agreement does not automatically terminate the parties' contractual obligation to arbitrate claims that arise under the collective bargaining agreement, but do not ripen until after it expires. Thus, in Nolde, where the collective bargaining agreement had provided for severance pay for employees, the Court held that, although the agreement and its arbitration clause had expired prior to severance, the employer was nonetheless bound to arbitrate disputes concerning obligations, vested under the terms of the agreement, to provide pay upon severance. See also Federated Metals, 648 F.2d at 860-62 (same with regard to pension claims arising under the collective bargaining agreement but ripening after the agreement expired). As any obligation defendants might have to recognize or bargain with Local 807 after their collective bargaining agreements expired would arise from Sec. 9(b)(3) of the NLRA and not from the expired agreements, Nolde is inapplicable.
 
 
 13
 We likewise affirm the district court's refusal to enjoin defendants from withdrawing recognition of Local 807 upon expiration of their collective bargaining agreements. The relief plaintiff seeks goes to the merits of its unfair labor practices claim. Despite plaintiff's attempt to characterize that claim as arising under the collective bargaining agreements, see supra, and hence within the district court's jurisdiction under Sec. 301 of the LMRA, resolution of the claim turns on Local 807's status as a successor union in light of the prohibitions against mixed guard and nonguard units contained in Sec. 9(b)(3). Under the preemption doctrine established in San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), issues of representative status are within the exclusive jurisdiction of the NLRB. See West Point-Pepperell, Inc. v. Textile Workers Union, 559 F.2d 304 (5th Cir.1977); NLRB v. Warrensburg Board and Paper Corp., 340 F.2d 920, 924 (2d Cir.1965); see also Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). The district court thus lacked jurisdiction to issue such an injunction.
 
 
 14
 Affirmed.