The CINCINNATI NEWSPAPER
GUILD, LOCAL 9, the
Newspaper Guild, Plaintiff,

v.

The CINCINNATI ENQUIRER, INC., A
DIVISION OF GANNETT,
INC., Defendant.

No. C-1-86-371.

United States District Court,
S.D. Ohio.

Oct. 27, 1986.

James Robinson, Cincinnati, Ohio, for plaintiff.

Jerome Randolph, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on plaintiff's Motion to Compel Arbitration (doc. no. 3) and defendant's Cross-motion for Summary Judgment (doc. no. 5).

In essence, these motions require the Court to determine whether an employer must arbitrate grievances under an expired collective bargaining agreement with a union which replaced the employer's former collective bargaining unit.

## FACTS

The record reveals the following facts. In June, 1981, the Enquirer Editorial Employees Professional Association ("EEEPA") and defendant the Cincinnati Enquirer (Enquirer) entered into a collective bargaining agreement (the "Contract"), which, by its terms, extended through February 29, 1984. (See doc. no. 1, Appendix A). On December 21, 1983, Mary K. Brookshire, President of plaintiff Cincinnati Newspaper Guild (the Guild) sent a letter to the publisher of the Enquirer, William J. Keating, informing him that members of EEEPA had voted to affiliate with the Guild and that thus the Guild had become the successor to EEEPA and a party to the contract.

The Enquirer refused to recognize the Guild as the bargaining unit or successor party to the Contract, rather it continued to recognize EEEPA as the bargaining agent of the editorial department employees. On December 29, 1983, the Guild filed a representation petition with the National Labor Relation Board (NLRB). In December of 1984, the NLRB conducted a secret ballot election among the Enquirer's editorial department employees, which the Guild won. Subsequently on December 24, 1984, the Guild was certified as the collective bargaining agent for the Enquirer's editorial

department employees and was thereafter recognized as such by the Enquirer.

In the meantime, on March 1, 1984, the contract negotiated by the EEEPA and the Enquirer expired. Since expiration of the contract, the Enquirer, at least to some extent, has operated in accordance with its terms. (See memoranda of Ron Wild and Linda Cagnetti attached to doc. no. 3). At present the Guild and the Enquirer are negotiating a new agreement.

The Enquirer asserts that the Guild is not now, and never has been, a party to any collective bargaining agreement for Enquirer editorial department bargaining unit employees. The Guild argues that either it is a successor to the EEEPA Contract or that the Enquirer has adopted the Contract as governing its relationship with the Guild. The Enquirer's discipline, in December, 1985 and subsequent dismissal in January, 1986, of a bargaining unit employee precipitated the present disagreement. The Guild requested that the Enquirer arbitrate the dismissal of Gerry Walter in accordance with the Contract. The Enquirer refused and this suit ensued.

## SUMMARY JUDGMENT

In ruling on a motion for summary judgment, the Court must determine whether there is no genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Moreover, the Court must look at the record in the light most favorable to the party opposing the motion. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). After consideration of the pleadings and documents in this case, it is evident that the facts material to this Court's determination are undisputed. Accordingly, for the reasons stated in this opinion, the Court hereby grants defendant's motion for summary judgment and denies plaintiff's motion to compel arbitration.

Plaintiff makes two arguments in support of its motion to compel arbitration and in opposition to defendant's motion for summary judgment. First, the Guild argues that it is entitled to enforce the arbitration provision in the Contract because it is a successor to EEEPA and therefore succeeds to EEEPA's right under the Contract. Since the Contract provides in Article XXI that "[s]tatus quo conditions shall be maintained during the period of negotiations and until a new contract shall have been executed," the Guild maintains that the Enquirer must arbitrate the dismissal of Gerry Walter pursuant to Article XIII of the Contract. In response, the Enquirer denies that the Guild is a successor to EEEPA because the Guild was not certified by the NLRB as the bargaining agent for the editorial department employees until December 24, 1984, almost ten months after the contract expired.

■ While parties to a collective bargaining agreement may agree either explicitly or by virtue of a consistent pattern of practice that provisions of an existing contract would continue in force after its expiration date, *see Chattanooga Mailers' Union, Local 92 v. Chattanooga News-Free Press Co.,* 524 F.2d 1305, 1312 (6th Cir. 1975), the parties must have had a valid agreement in the first place. Thus the determination of whether the Guild is the successor to EEEPA is crucial.

■ It is well-settled that the representative status of a union is a factual question which in the first instance must be brought before the NLRB. *E.g., Local 807, International Brotherhood of Teamsters Chauffeurs, Warehousemen & Helpers of America,* 744 F.2d 283, 287 (2d Cir.1984); *St. Vincent Hospital v. N.L.R.B.,* 621 F.2d 1054, 1057 (10th Cir.1980). A true successor union may petition for amendment of certification *"in the absence of a question concerning representation."* 29 C.F.R. § 102.60(b) (emphasis added). Such a petition should comply with the procedures set forth in 29 C.F.R. § 102.61(e). Upon receipt of such a petition, the regional director of the NLRB is required to conduct an investigation. The decision of the regional director in such a case is final. 29

C.F.R. § 102.63(b). The certification amendment procedure does not call for an NLRB conducted election. In the present case, however, such an election was conducted.

 Where a representation petition has been filed, an election is held if "there is a reasonable cause to believe that *a question of representation exists* ... and that an election will reflect the free choice of employees in the appropriate unit." 29 C.F.R. § 102.63(a) (emphasis added). Since it was determined that an NLRB election was necessary in the present matter, it can be inferred that a genuine question of representation existed and that therefore the Guild is not the successor of EEEPA. Moreover, the NLRB did not certify the Guild as the bargaining unit for the Enquirer's editorial department employees until December 24, 1984, well beyond the expiration date of the EEPA contract. Therefore, the Guild does not succeed to EEPA's right under the Contract and cannot compel arbitration under the successorship theory.

 Second, the Guild argues that the Enquirer is estopped from refusing to arbitrate the grievance because it has acted in accordance with the expired Contract in dealing with bargaining unit employees in other matters. Arbitration, however, rests on a contractual basis and where there is no contract between the parties, arbitration is not required. *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Disputes which arise after expiration of the contract need not be submitted to arbitration. *See Kingport Publishing Corp. v. NLRB,* 399 F.2d 660 (6th Cir.1968); *Hilton-Davis Chemical Company,* 185 NLRB No. 241, 75 LRRM 1036 (1970).

## CONCLUSION

The relevant facts in this matter are not in dispute. The Guild cannot require that the Enquirer arbitrate grievances that arose after the expiration of the EEEPA Contract. The Guild is not a successor to the Contract and the Enquirer is not estopped from refusing to arbitrate such grievances. Accordingly, defendant's motion for summary judgment is hereby GRANTED and plaintiff's motion to compel arbitration is DENIED.

IT IS SO ORDERED.

LET JUDGMENT ENTER IN ACCORDANCE WITH THE FOREGOING.