Dennis **CREESE**, Plaintiff,

v.

Elizabeth **DOLE**, Secretary, United States Department of Labor, Defendant.

Civ. A. No. 90–B–830.

United States District Court, D. Colorado.

Dec. 5, 1990.

Donald B. MacDonald, Rita Byrnes Kittle, Hornbein MacDonald Fattor and Hobbs, P.C., Denver, Colo., for plaintiff.

Stephen D. Taylor, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff Dennis Creese (Creese) is a member of a labor union. He was nominated for a leadership position in that union, but the union determined that he was not eligible for the position. Creese filed a complaint with defendant, the Secretary of the United States Department of Labor (the Secretary), challenging his disqualification as a candidate for union office. The Secretary determined that the complaint lacked merit, and, consequently, refused to bring suit on Creese's behalf. Creese brings this action, alleging that the Secretary's actions were arbitrary and capricious and contrary to law. The Secretary has filed a motion to dismiss, or, alternatively for summary judgment. I conclude the Secretary's stated reasons for determining that Creese's complaint lacked merit are so inadequate that I cannot adjudicate the merits of plaintiff's claim. Accordingly, the Secretary will be given the opportunity to supplement her Statement of Reasons.

### I.

On May 10, 1989, Creese was nominated for the office of Business Manager/Secretary for Local 720, Laborers International Union, AFL–CIO (Local 720). On May 24, 1990, Local 720's election judges determined that Creese was not eligible because he failed to meet the requirements of Article V, Section 4, of the Uniform Local Union Constitution of the Laborers International Union of North America. This section provides in pertinent part:

No person shall be eligible to hold any office in the Local Union if he has not been regularly working at the calling of the International Union during the entire year immediately prior to nomination. "Working at the calling" shall be defined to include: ...

(b) Employment by government or the trade union movement in a capacity directly related to the calling and one which would directly benefit the Local Union and its members....

Creese appealed his disqualification to the General President of the Laborers International Union (the International) by letter dated May 26, 1989. A hearing was held on July 31, 1989, where Creese asserted that he met the requirements of Article V, Section 4(b) based on his employment as a full-time organizer from September 1987 through April 1989 for Colorado P.O.W.E.R. Colorado P.O.W.E.R. was an organizing effort sponsored by the Painter International Union. He contended that by organizing one part of an employer's work force, he facilitated organization of other parts and thus his work directly benefited the Union. The International's General Executive Board rejected this contention and upheld the disqualification.

After exhausting his internal union remedies, Creese filed an administrative complaint with the Secretary alleging violations of the Labor–Management Reporting and

Disclosure Act, 29 U.S.C. §§ 401–531 (LMRDA). The complaint asserted the following improprieties, all of which pertain to the Local 720's June 10, 1989 election: (1) Creese's disqualification for Business Manager–Secretary Treasurer; (2) lack of multi-site balloting; (3) lack of observers during the counting of ballots; and (4) the general conduct of the nominations and election process. Section 482(b) of LMRDA states that the "Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of [the subchapter dealing with union elections] has occurred and has not been remedied, he shall ... bring a civil action against the labor organization."

The Secretary concluded that there was probable cause to believe that a violation of the LMRDA occurred in that members may have been denied a reasonable opportunity vote in the election. As a result, Local 720 voluntarily agreed to rerun the disputed election under the Secretary's supervision. The supervised election was held on March 17, 1990. Creese was not allowed to run because nominations for Business Manager/Secretary Treasurer were not reopened.

On January 24, 1990, a Department of Labor official wrote a letter to Creese, which reads in part: "We have thoroughly investigated the issues raised in your initial complaint, including whether or not you met the qualifications requirements necessary to be a candidate for the office of secretary-treasurer/business manager. We now consider that issue to be closed. As I informed you earlier, you will receive a written explanation of our decision...."

Creese received the Secretary's written explanation (the Statement of Reasons) on March 23, 1990. The Secretary stated the following reasons for rejecting Creese's complaint:

As a general rule, it is reasonable for a union to require candidates to have been employed at the trade for a reasonable period. See 29 C.F.R. § 452.41. The complainant was not employed at the trade for the entire year prior to nominations as required by Article V Section 4(b) of the Local Constitution. Instead,

he seeks to qualify under an exception to the Local's rule that defines employment that "directly benefits the local and its members" as working at the calling. The Laborers' decision that the complainant's employment as a full-time organizer for the Painters did not "directly benefit the Local Union and its members" is not unreasonable. Further, the complainant has not suggested, nor has the Department's investigation disclosed, that the Laborers have been inconsistent in their application of this provision. Accordingly, the Laborers interpretation of its constitution is entitled to deference. See 29 C.F.R. § 452.3. (Interpretation consistently placed on a union's constitution will be accepted unless it is clearly unreasonable.) The Local's disqualification of the complainant as a candidate ... was in accordance with its constitution. There was no violation of [LMRDA].

Creese brings this action alleging, among other things, that the Secretary failed to investigate adequately Creese's complaint and should be forced to investigate the matter and to bring suit against Local 720 on Creese's behalf. The Secretary has responded with a motion to dismiss or, alternatively, a motion for summary judgment, arguing that the Statement of Reasons is adequate as a matter of law.

## II.

Unlike many agency decisions not to enforce, the Secretary's decision whether to file suit under section 402 of the LMRDA is subject to judicial review. See Heckler v. Chaney, 470 U.S. 821, 833–34, 105 S.Ct. 1649, 1656–57, 84 L.Ed.2d 714 (1985). In Dunlop v. Bachowski, 421 U.S. 560, 566, 95 S.Ct. 1851, 1857, 44 L.Ed.2d 377 (1975), the Supreme Court held that the Secretary's decision not to sue should be reviewed under the "arbitrary and capricious" standard of APA § 706(2)(a). The Court found that while LMRDA did not preclude judicial review altogether, a reviewing court must refrain from substituting its judgment for the Secretary's.

However, the reviewing court must " 'determine with some measure of confidence whether or not the discretion [whether to sue] ... has been exercised in a manner that is neither arbitrary or capricious.' " *Bachowski*, 421 U.S. at 571, 95 S.Ct. at 1860 (quoting *Devito v. Shultz*, 300 F.Supp. 381, 383 (D.D.C.1969)). To accomplish this, "[e]xcept in what must be the rare case, the court's review should be confined to examination of the 'reasons' statement, and the determination whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary or capricious." *Id.* at 572–73, 95 S.Ct. at 1860.

The "statement of reasons must be adequate to enable the court to determine whether the Secretary's decision was reached for an impermissible reason or for no reason at all. For this essential purpose, although detailed findings of fact are not required, the statement of reasons should inform the court and the complaining union member of both the grounds of decision and the essential facts upon which the Secretary's inference are based." *Id.* at 573–74, 95 S.Ct. at 1861.

The crux of Creese's complaint is that his work in the year preceding the election directly benefited the union. It is not apparent from the Statement of Reasons whether the Secretary adequately investigated this claim. All that is stated is that the "Laborers decision that the complainant's employment as a full-time organizer for the Painters did not 'directly benefit the Local Union and its members' is not unreasonable." Statement of Reasons at 3.

Mere incantation of this ultimate conclusion is inadequate. The Statement of Reasons lacks "the essential facts upon which the Secretary's inference is based." It fails to state why the decision is not unreasonable.

Moreover, the LMRDA specifically states that "every member in good standing shall be eligible to be a candidate and to hold office (subject to ... reasonable qualifications uniformly imposed)." 29 U.S.C. § 481(e). Since Creese was a member in good standing, the Secretary had to deter-

mine whether Creese's disqualification was based on a reasonable qualification and whether that qualification was uniformly imposed. The Statement of Reasons is deficient on the second point.

It states that the investigation did not disclose "that the Laborers' have been inconsistent in their application of the [Article V Section 4(b) ]." This is not sufficient. It was incumbent on the Secretary to investigate how the provision had been interpreted in prior cases. If prior interpretations were uncovered, the Statement of Reasons should state what they were and why the Secretary considers them consistent with how Article V Section 4(b) was interpreted in the present dispute.

Thus, I conclude that the Secretary's Determination inadequately discloses her reasons. In *Bachowski*, 421 U.S. at 574 n. 11, 95 S.Ct. at 1861 n. 11, the Court stated that, in these circumstances, "Judge Gesell of the District Court for the District of Columbia fashioned an acceptable procedure in *Devito [v. Shultz]*, 300 F.Supp. 381 (D.D.C.1969)."

In *Devito*, Judge Gesell ordered "the Secretary to reopen this matter and to direct re-examination of the ruling in the light of the requirements of the statute and the standards laid down by the pertinent cases. If on such further reconsideration the Secretary is determined not to act, a fuller statement of the reasons and an explanation in support thereof is required. Such a statement shall be furnished the Court within 30 days of the date of this Memorandum Opinion. In the meantime, the Government's motion to dismiss and in the alternative for summary judgment is denied without prejudice." 300 F.Supp. at 384. I adopt this approach. However, the Secretary shall have 45 days to supplement her statement of reasons.

In her reply brief, the Secretary seeks to dismiss other portions of the complaint. These arguments were not presented in the motion to dismiss nor in the Secretary's brief in support. Because these issues were not raised properly, and have not been briefed properly by either side, I decline to rule on them at this time.

Accordingly, it is ORDERED that the Secretary's motion to dismiss, or, alternatively, for summary judgment is DENIED without prejudice. It is FURTHER ORDERED that the Secretary shall have 45 days in which to furnish this Court with a full and adequate statement of reasons if the Secretary remains determined not to bring suit. The Secretary need not file responsive pleadings until that time.