**Dennis CREESE, Plaintiff,**

v.

**Elizabeth DOLE, Secretary, United States Department of Labor, Defendant.**

**No. 90–B–830.**

United States District Court, D. Colorado.

Oct. 24, 1991.

---

Donald B. MacDonald, Rita Byrnes Kittle, Hornbein MacDonald, Fattor and Hobbs, P.C., Denver, Colo., for plaintiff.

Donald D. Carter, Jr., Office of the Sol., U.S. Dept. of Labor, Washington, D.C., Henry C. Mahlman, Associate Regional Sol., U.S. Dept. of Labor, Denver, Colo., Stephen D. Taylor, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff Dennis Creese (Creese) seeks an order directing defendant Elizabeth Dole, Secretary, United States Department of Labor (the Secretary) to bring suit on his behalf against a labor union. In *Creese v. Dole*, 751 F.Supp. 1487 (D.Colo.1990), I denied without prejudice the Secretary's motion to dismiss, or, alternatively, motion for summary judgment because the Secretary's statement of reasons for not bringing suit was inadequate. The Secretary has filed a supplemental statement of reasons and renews her motion. Because this statement demonstrates that the Secretary's decision is not arbitrary or capricious, the Secretary's motion is granted.

## I. FACTS

Plaintiff Dennis Creese (Creese) is a member of Local 720, Laborers' International Union, AFL–CIO (Local 720). In May, 1989, Creese was nominated for the office of Business Manager/Secretary for Local 720. However, Local 720's election judges determined that Creese was not an eligible candidate because he failed to meet the requirements of Article V, Section 4 of the Laborers' constitution. This section provides in pertinent part:

No person shall be eligible to hold any office in the Local Union if he has not been regularly working at the calling of the International Union during the entire year immediately prior to nomination. "Working at the calling" shall be defined to include: ...

(b) Employment by government or the trade union movement in a capacity di-

rectly related to the calling and one which would directly benefit the Local Union and its members....

In August, 1989, Creese filed a complaint with the Secretary alleging that Local 720 violated the Labor–Management Reporting and Disclosure Act, 29 U.S.C. §§ 401–531 (LMRDA) by: (1) disqualifying him as a candidate; (2) abandoning multi-site voting procedures; (3) providing an insufficient number of impartial observers during the election; and (4) engaging in general misconduct during the election. Regarding the disqualification, Creese asserted that his employment as a full-time organizer from September, 1987 through April, 1989 for Colorado P.O.W.E.R., an organizing effort sponsored by the Painters International Union (the Painters), together with volunteer work that he performed as President of the Boulder County Labor Council, an organization independent of the Laborers, met the Article V. Section 4(b) requirement.

The Secretary investigated the complaint and concluded that there was probable cause to believe that a violation of 29 U.S.C. § 481(e) occurred in that members may have been denied a reasonable opportunity to vote in the election. Local 720 then offered to rerun the election of certain officers with multi-site voting. The Secretary accepted this offer in November, 1989. Creese took no part in these settlement negotiations.

By letter to the United States Department of Labor, Creese objected to the settlement and to his disqualification as a candidate for union office in the upcoming election. He objected to the settlement because he was not a party to the agreement.

In January, 1990, the Secretary notified Creese that "the officers of the local have the legal authority to negotiate with the U.S. Department of Labor concerning a voluntary settlement and re-run of the officer election of June 10, 1989." Government's Exhibit F. The letter also stated:

We have thoroughly investigated the issue raised in your initial complaint, including whether or not you met the quali-

fications requirements necessary to be a candidate for the office of secretary-treasurer/business manager. We now consider that issue to be closed. As I informed you earlier, you will receive a written explanation of the decision on this issue....

*Id.*

A new election was concluded on March 17, 1990. On March 23, 1990, the Secretary provided Creese with her statement of reasons for concluding that Local 720 did not violate the LMRDA in disqualifying Creese. Creese then brought this action, seeking: (1) an order directing the Secretary to fully investigate the allegations contained in his complaint; (2) an order directing the Secretary to institute a civil action on his behalf against Local 720; (3) money damages; and (4) attorney fees.

The Secretary moved to dismiss or, alternatively, for summary judgment, arguing that her statement of reasons was legally sufficient. I disagreed, reasoning:

The crux of Creese's complaint is that his work in the year preceding the election directly benefitted the union. It is not apparent from the Statement of Reasons whether the Secretary adequately investigated this claim. All that is stated is that the "Laborers decision that the complainant's employment as a full-time organizer for the Painters did not 'directly benefit the Local Union and its members' is not unreasonable." Statement of Reasons at 3.

Mere incantation of this ultimate conclusion is inadequate. The Statement of Reasons lacks "the essential facts upon which the Secretary's inference is based." It fails to state why the decision is not unreasonable.

*Creese*, 751 F.Supp. at 1490. Accordingly, I denied without prejudice the Secretary's motion.

## II. DECISION NOT TO SUE

The Secretary has submitted a supplemental statement of reasons and argues that it demonstrates that her decision not to bring suit is neither arbitrary nor capricious. I agree.

In *Dunlop v. Bachowski*, 421 U.S. 560, 566, 95 S.Ct. 1851, 1857, 44 L.Ed.2d 377 (1975), the Supreme Court held that the Secretary's decision not to sue should be reviewed under the "arbitrary and capricious" standard of APA § 706(2)(a)....

[T]he reviewing court must " 'determine with some measure of confidence whether or not the discretion [whether to sue] ... has been exercised in a manner that is neither arbitrary or capricious.' " *Bachowski*, 421 U.S. at 571, 95 S.Ct. at 1860 (quoting *Devito v. Shultz*, 300 F.Supp. 381, 383 (D.D.C.1969)). To accomplish this, "[e]xcept in what must be the rare case, the court's review should be confined to examination of the 'reasons' statement, and the determination whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary or capricious." *Id.* at 572–73, 95 S.Ct. at 1860.

The "statement of reasons must be adequate to enable the court to determine whether the Secretary's decision was reached for an impermissible reason or for no reason at all. For this essential purpose, although detailed findings of fact are not required, the statement of reasons should inform the court and the complaining union member of both the grounds of decision and the essential facts upon which the Secretary's inference are based." *Id.* at 573–74, 95 S.Ct. at 1861.

*Creese*, 751 F.Supp. at 1489–90.

■ Like the original statement of reasons, the supplemental statement of reasons concludes that Local 720's determination that Creese did not meet the qualification requirements was reasonable. However, unlike the original statement of reasons, the supplemental statement of reasons explains in adequate detail the facts relied upon in reaching that conclusion.

The Secretary found the following. From September, 1987 through April, 1989, Creese worked as an organizer for the Painters. During that time, Creese neither organized nor worked directly for Local 720. Creese was successful in four organizing drives for the Painters. However, his organizing efforts for the Painters were not coordinated with the Local 720 and in two petitions filed by Creese where Local 720 already had contracts, Creese excluded Local 720 from the bargaining unit. Moreover, there have been jurisdictional disputes between the Laborers' International Union and the Painters in areas where both unions claim coverage for the same work at the same employer. In addition, in the original statement of reasons, the Secretary found that Creese's volunteer work did not fit within Section 4(b) because it was not employment and, in any event, was at best an indirect benefit to Local 720. Finally, based on a thorough review of the Laborers' International Union's application of Section 4(b) from 1960–1990, the Secretary concluded that the qualification requirement was uniformly imposed.

■ The Secretary was justified in reviewing Local 720's decision under a reasonableness standard. *Gordon v. Laborers' Int'l Union*, 490 F.2d 133, 137 (10th Cir.1973), *cert. denied*, 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62 (1974); *Vestal v. Hoffa*, 451 F.2d 706, 709 (6th Cir.1971), *cert. denied*, 406 U.S. 934, 92 S.Ct. 1768, 32 L.Ed.2d 135 (1972); 29 C.F.R. § 452.3. Moreover, the facts contained in the supplemental statement of reasons demonstrate that the Secretary's determination concerning the reasonableness of Creese's disqualification is not "so irrational as to constitute the decision arbitrary and capricious." *Bachowski*, 421 U.S. at 573, 95 S.Ct. at 1860. Because I conclude "that the Secretary's statement of reasons adequately demonstrates that [her] decision not to sue is not contrary to law, the complaining union member's suit fails and should be dismissed." *Id.* at 574, 95 S.Ct. at 1861.

Creese argues that the Secretary's decision is wrong because his activities directly benefitted Local 720. The ultimate question here is not whether the Secretary is right or wrong, but whether the Secretary's decision is arbitrary or capricious. Again, the supplemental statement of reasons adequately demonstrates that the Sec-

retary's decision is neither arbitrary nor capricious. Creese's other arguments are similarly without merit because they do not demonstrate that the Secretary's decision is arbitrary or capricious.

## III. FAILURE TO CONSULT

Creese also claims his rights were violated because he "was denied knowledge of and an opportunity to reply to Local 720's response to his charges or how it happened that secret negotiations resulted in remedial action on all his charges except the one concerning his eligibility for office." Response at 15; *see* Complaint ¶¶ 17, 18, 21.

I conclude that neither due process nor the LMRDA imposes a duty on the Secretary to consult with complainants. *Hall v. Marshall,* 476 F.Supp. 262, 272–73 (E.D.Pa. 1979), *aff'd mem.,* 622 F.2d 578 (3d Cir. 1980). I further conclude that the Secretary had no duty to consult with Creese under 5 U.S.C. § 555(b) because investigations and settlement negotiations are not "agency proceedings" under that section.

## IV. TIMELINESS OF NOTICE

Creese also seeks relief based on the alleged failure of the Secretary to provide him with timely notice of her adverse decision concerning his disqualification complaint as required by 5 U.S.C. § 555(e). Because, as discussed above, I will not order the Secretary to file suit against Local 720, the only relief available based on this alleged violation is money damages. *See* Complaint at 3–4. However, suits for money damages are not available for violations of the APA. *See* 5 U.S.C. § 702. Thus, the claim based on the alleged violation of section 555(e) must be dismissed.

Accordingly, it is ORDERED that:

(1) defendant's renewed motion to dismiss or, alternatively, motion for summary judgment is GRANTED and plaintiff's complaint is dismissed;

(2) final judgment shall enter, the parties to bear their own costs.